UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MELISSA HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18-CV-354-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| AUTO-OWNERS INSURANCE COMPANY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Auto-Owners Insurance Company's ("Auto-Owners") Successive Motion for Summary Judgment [R. 46]. Plaintiff Melissa Howard, who is proceeding *pro se* after her attorney withdrew from this matter, [R. 48], moved for payment of monies from her insurance claim, pain and suffering damages, and other relief ("Motion for Payment"). [R. 47] Plaintiff also filed an untimely Response to the Successive Motion for Summary Judgment. [R. 49] Defendant subsequently filed a Reply, which responded to Plaintiff's Motion for Payment. [R. 50] For the reasons stated below, Defendant's Successive Motion for Summary Judgment will be granted, and Plaintiff's Motion for Payment will be denied.

    **I.**    **Background**

This case arises out of a fire at Plaintiff's residence on or around January 25, 2017. Plaintiff had a homeowner's insurance policy with Defendant, Policy No. 47-499-730-00 (the "Policy"), in which Defendant provided insurance coverage for fire loss. [R. 32-2] The Policy contained a provision that prohibited her from suing Defendant based on the policy subsequent to "one year after the loss or damage occurs." *Id.* at 23. On April 16, 2018—fifteen months after the

fire loss—she sued Defendant in Hardin Circuit Court, asserting claims under breach of contract for failure to pay for an incident covered under the Policy (Count I) and the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") for several alleged violations of the statute (Count II). [R. 1-1, pp. 1–4] These alleged violations included failure to "acknowledge and act reasonably and promptly upon communications," failure to "adopt and implement reasonable standards for the prompt investigation of [the] claim," refusal to pay the claim "without conducting a reasonable investigation based upon all the available information," and failure "to attempt a good faith effectuation of a prompt, fair and equitable settlement." *Id.* at 2–3.

Defendant removed the case to this Court and subsequently moved for summary judgment on both counts. [R. 1; R. 32] On August 4, 2020, the Court granted summary judgment to Defendant on Count I, finding that Plaintiff's suit was time barred under the terms of the Policy because it was brought over a year after the fire loss. [R. 43, pp. 8–9] However, it denied summary judgment on Count II because "neither party [] provided any facts concerning when Plaintiff's KUCSPA claim accrued." *Id.* at 11. The parties were allowed to file a successive Motion for Summary Judgment on Count II. *Id.* at 11–12.

Defendant has filed a Successive Motion for Summary Judgment [R. 46], which argues that Count II fails for two reasons. First, Defendant has no obligation to pay Plaintiff under the Policy terms, and as a matter of law, KUCSPA claims against insurers will fail when the insurer has no underlying obligation to the insured. [R. 46-1, pp. 6–9] Second, KUCSPA claims require a showing of outrageous conduct or reckless disregard for the insured's rights, and Plaintiff cannot make that showing. *Id.* at 10–13. Plaintiff filed an untimely Response, but that Response did not make any substantive argument. Instead, the Response stated, in full, "I have a good case and wish to proceed against Auto Owners Insuran[ce]." [R. 49] Defendant's Reply notes that the

Response fails to make any argument and reiterates its own argument for summary judgment. [R. 50, pp. 5–6]

## II. Motion for Summary Judgment

### A. *Legal Standard*

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining a motion for summary judgment, a court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Lindsay v. Yates,* 578 F.3d 407, 414 (6th Cir. 2009). The court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 265 (1986). When, as here, the defendant moves for summary judgment, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. The initial burden of establishing no genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). If the moving party satisfies this burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* at 324. Where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may treat that fact as undisputed. Fed. R. Civ. P. 56(e).

A fact is "material" if the underlying substantive law identifies the fact as critical. *Liberty Lobby*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### B. Discussion

Plaintiff failed to file a response within the Court's deadline, filing her Response and Motion for Payment over two weeks after the deadline. [R. 47; R. 49] Moreover, the Response does not advance any legal or factual argument relevant to the Motion for Summary Judgment. Even so, the Court will determine whether Defendant has satisfied its burden under Federal Rule of Civil Procedure 56 for Plaintiff's remaining KUCSPA claim (Count II).

Kentucky law provides the following requirements for KUCSPA claims:

> An insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed."

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846–47 (Ky. 1986) (Leibson, J., dissenting)). On the first element, an insured whose claim is time barred under the policy cannot show that the insurance company is "obligated to pay the claim." *Ashland Hosp. Corp. v. RLI Ins. Co.*, No. CIV.A. 13-143-DLB, 2015 WL 1223675 (E.D. Ky. Mar. 17, 2015), *aff'd*, 632 F. App'x 271 (6th Cir. 2016). On the third element, the insured must show that "that the insurer's conduct was outrageous, or because of his reckless indifference to the rights of others." *Hollaway v. Direct Gen. Ins. Co. of Miss.*,

497 S.W.3d 733, 738 (Ky. 2016). This requirement is tantamount to showing that the insurer's actions warrant punitive damages. *Wittmer*, 864 S.W.2d at 890.

Defendant argues that Count II fails as a matter of law because Plaintiff cannot show either the first or the third element of the *Wittmer* test. On the first element, Defendant argues that Plaintiff cannot show an obligation to pay because, under the terms of the policy, Plaintiff's claim was time barred. [R. 46-1, p. 7] Defendant analogizes the facts here to *Pogue v. Principal Life Insurance Co.*, No. 3:14-CV-599-CHB, 2019 WL 7372433 (W.D. Ky. Dec. 31, 2019), *rev'd on other grounds*, 979 F.3d 534 (6th Cir. 2020), where this Court granted summary judgment to an insurer on KUCSPA claims after finding that the insurer was not liable for breach of contract. [R. 46-1, pp. 8–9] Defendant argues that the facts here are almost identical to *Pogue*—since, in both cases, the Court had entered summary judgment on the contract claims in favor of the insurer—so *Pogue* directs a ruling in favor of the insurer. *Id.* at 8–9. Defendant acknowledges that *Pogue* is slightly distinct from the facts here, given that the underlying claims in *Pogue* failed because the relevant incident was not covered under the insurance policy, whereas here the underlying claims failed because suit was time barred. *Id.* at 10. But Defendant maintains that, because the language of *Wittmer* and *Pogue* prohibits KUCSPA claims when the insurer is not "obligated to pay," KUCSPA claims will fail when the underlying claim fails—no matter the reason for the insurer's lack of obligation. *Id.* at 9.

The Court agrees with Defendant on this ground for summary judgment. The Court has already found Plaintiff's underlying claim to be time barred. [R. 43, pp. 8–9] This finding relieved Defendant, as a matter of law, of any obligation it had to pay Plaintiff under the terms of the Policy. *Id.* The clear requirements of Kentucky law as explained in *Wittmer* allow KUCSPA claims only when the insurer is "obligated to pay" under the terms of the underlying policy.

*Wittmer*, 864 S.W.2d at 890 *Foremost Ins. Co. Grand Rapids, Mich. v. Chang*, No. 3:18-CV-718-CHB, 2021 WL 1062552, at *5 (W.D. Ky. Mar. 19, 2021). Accordingly, Plaintiff's KUCSPA claim must fail as a matter of law.

Courts analyzing the KUCSPA have held that bad faith claims fail where, as here, the insurer's lack of an obligation to pay stems from a time bar. In *Ashland Hospital Corp.*, for example, our sister court dismissed a KUCSPA claim because the insured's failure to provide timely notice forfeited coverage. 2015 WL 1223675, at *14 ("This Court has ruled as a matter of law that RLI does not have to provide coverage because Ashland failed to provide timely notice of the HIPAA investigation. Because RLI does not have a contractual obligation to provide coverage, no amount of discovery will reveal a viable bad faith claim. Therefore, Ashland's claims are dismissed."); *cf. Lewis v. State Farm Fire & Cas. Co.*, 238 F.3d 422 (Table), 2000 WL 1828711, at *3 (6th Cir. Dec. 5, 2000) (dismissing a KUCSPA claim where the insureds had forfeited coverage because they failed to satisfy a condition precedent). Therefore, the time bar on Plaintiff's underlying claim prevents her KUCSPA claim from going forward. Defendant is entitled to summary judgment on this ground.

Defendant further argues that on the third element, Plaintiff cannot show that Defendant took any actions that were outrageous, recklessly indifferent, or otherwise worthy of punitive damages. Defendant notes that it paid Plaintiff the cash value of her house within one month of the fire loss and continued to communicate with her and her attorney (when she retained an attorney) about her claim status. [R. 46-1, p. 11] Defendant also notes that its investigation into other potential payments was stalled only because of Plaintiff's failure to respond to requests for information. *Id.* at 12. Defendant disputes the allegations in the Complaint that it refused to pay the claim and did not attempt to "effectuate prompt, fair, and equitable settlements" because it

promptly paid Plaintiff the cash value for her house, plus additional expenses. [*Id.* at 12–13; R. 1-1, pp. 2–3] Defendant argues that, because no evidence exists in the record to show that its actions were outrageous or recklessly indifferent to others' rights, this required element of Plaintiff's KUCSPA claim cannot be met. [R. 46-1, p. 13]

The Court again agrees with Defendant on this ground. Plaintiff does not make the showing of outrageous or recklessly indifferent conduct required to bring a KUCSPA claim. Instead, the record shows steps taken by Defendant to pay Plaintiff's claim under the Policy and resolve outstanding disputes. Defendant paid Plaintiff a month after the fire loss for the cash value of the house and followed up with Plaintiff when attempting to resolve further claims for payment. [R. 46-2; R. 38-2] In fact, investigation of other potential payments was delayed because of Plaintiff's lack of response. [R. 38-2, p. 1] Plaintiff's allegations under Count II are contradicted by Defendant's payment of the cash value of the house and attempts to communicate with Plaintiff and her former counsel to resolve other issues. Accordingly, summary judgment for Defendant is also appropriate on this ground.

Kentucky law requires that Plaintiff show all three elements of the *Wittmer* test— obligation to pay, no reasonable basis for denial, and reckless disregard of rights—to succeed on a KUCSPA claim. Because, as a matter of law, Plaintiff cannot show either that Defendant had an obligation to pay or that Defendant acted with reckless disregard for her rights, the Court will grant Defendant's Motion for Summary Judgment.

### III. Motion for Payment

Plaintiff's Motion for Payment recounts Plaintiff's version of the events leading up to this suit and requests payment from Defendant for monies owed under the Policy, as well as bad faith damages. [R. 47] The Court has previously determined that Defendant does not owe payment

under the Policy, and this Order finds that Defendant is not liable for bad faith damages. [R. 43] In its Reply to the Motion for Summary Judgment, Defendant argues that the Motion for Payment should be construed as a *de facto* Motion to Alter or Amend the Court's previous entry of summary judgment. [R. 50, p. 4] Defendant further argues that the Motion for Payment does not meet the criteria set out in *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) for vacating a previous judgment and should therefore be denied. [R. 50, p. 4]

Given the Court's previous determinations of Defendant's liability, the Court will construe the Motion for Payment as a Motion to Alter or Amend the Court's previous entry of summary judgment under Fed. R. Civ. P. 59(e). According to Rule 59, a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Given that judgment was entered on August 4, 2020, and Plaintiff filed her Motion for Payment on November 12, 2020, the Motion for Payment is untimely.

Nonetheless, Plaintiff's Motion for Payment fails on the merits. Under Sixth Circuit precedent, a motion to alter or amend a previous judgment will only succeed "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp*, 178 F.3d at 834). The Motion for Payment fails to address any of those issues. It does not allege legal error, new evidence, or a "change in controlling law." Rather, it recounts the events since Plaintiff lost her house due to fire. [R. 47] The Court understands that Plaintiff has endured much misfortune since and surrounding her fire loss, but Plaintiff's narrative simply fails to meet the legal standard for altering the judgment. [R. 46-2, p. 1]

Because Plaintiff's Motion for Payment, when construed as a Motion to Alter or Amend, is untimely and without merit, it will be denied.

## IV.   Conclusion

For the reasons discussed above, Defendant is entitled to summary judgment on Plaintiff's KUCSPA claim (Count II). Plaintiff's Motion for Payment will be denied. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Auto Owners' Successive Motion for Summary Judgment [**R. 46**] is **GRANTED**.

2. Plaintiff Melissa Howard's Motion for Payment [**R. 47**] is **DENIED**.

3. A separate Judgment will be entered consistent with this Order.

This the 19th day of April, 2021.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY